UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH URBINATI, JR.,

                              Plaintiff,

            v.

HOWARD LUTNICK, in his official capacity
as Secretary of the United States Department of
Commerce, and NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION,

                              Defendants.
------------------------------------------------------------x

No. 26 Civ. 2884 (VSB) (RFT)

**ANSWER**

        Defendants Howard Lutnick, in his official capacity as Secretary of the United States

Department of Commerce, and the National Oceanic and Atmospheric Administration ("NOAA,"

and collectively with Secretary Lutnick, the "United States"), by and through their attorney, Jay

Clayton, United States Attorney for the Southern District of New York, answers Plaintiff Joseph

Urbinati, Jr.'s Complaint (ECF No. 1) on information and belief as follows:

**INTRODUCTION[1]**

        1.      In response to the allegations of Paragraph 1 of the Complaint, the United States

admits that, as established in the administrative record in *In re Joseph Urbinati*, Docket No.

NE2300747, 2025 WL 947986 (NOAA Mar. 13, 2025) (the "Enforcement Case"), Plaintiff Joseph

Urbinati Jr. was in November 2022 the owner of the M/V Michele My Belle, which is a vessel that

transited along the Atlantic seaboard in November 2022 under the control of a licensed captain.

The United States lacks knowledge or information sufficient to form a belief regarding the current

ownership of the M/V Michele My Belle.

---

[1] The United States repeats the headings from Plaintiff's Complaint for ease of reference, without admission of any allegations contained therein.

2.      The allegations in the first sentence of Paragraph 2 of the Complaint consist of Plaintiff's vague characterization of events, to which no response is required. To the extent a response is deemed required, the United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 2. With respect to the second Sentence of Paragraph 2 of the Complaint, the United States admits that the NOAA imposed a civil penalty of $24,000 on Mr. Urbinati for violations of a federal regulation, 50 C.F.R. § 224.105, *Final Rule To Implement Speed Restrictions to Reduce the Threat of Ship Collisions With North Atlantic Right Whales*, ("Speed Rule"), 73 Fed. Reg. 60,173 (Oct. 10, 2008), and denies any characterization of that penalty as unfounded.

3.      In response to the allegations in Paragraph 3 of the Complaint, the United States admits that the civil penalty was imposed on Mr. Urbinati for violations of the Speed Rule. The remaining allegations of this paragraph consist of Plaintiff's characterization of the Speed Rule, to which no response is required. The United States respectfully refers the Court to the Speed Rule for its complete and accurate contents.

4.      The allegations in Paragraph 4 of the Complaint consist of Plaintiff's characterization of the legal basis and purpose of the Speed Rule, to which no response is required. The United States respectfully refers the Court to the Speed Rule for its complete and accurate contents.

5.      The United States denies the allegations in Paragraph 5 of the Complaint.

6.      The United States denies the allegations in the first sentence of Paragraph 6. The allegations in the second sentence of Paragraph 6 of the Complaint consist of legal conclusions

regarding the requirements of the Speed Rule, to which no response is required. The United States respectfully refers the Court to the Speed Rule for its complete and accurate contents.

7.      The allegations in Paragraph 7 of the Complaint consist of legal conclusions regarding the requirements of the Speed Rule, to which no response is required. The United States respectfully refers the Court to the Speed Rule for its complete and accurate contents.

8.      The allegations in Paragraph 8 of the Complaint consist of Plaintiff's characterization of information within the administrative record for the Speed Rule, to which no response is required. The United States respectfully refers the Court to that administrative record for its complete and accurate contents.

9.      The allegations in Paragraph 9 of the Complaint consist of Plaintiff's characterization of a withdrawn proposed rule, to which no response is required. The United States respectfully refers the Court to the referenced proposed rule for its complete and accurate contents.

10.      The allegations in Paragraph 10 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 10.

11.      The allegations in Paragraph 11 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 11.

12.      The allegations in the first and third sentences of Paragraph 12 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations. In response to the allegations of the second sentence of Paragraph 12, the United States admits that Mr. Urbinati's liability and penalty for

3

violation of the Speed Rule was adjudicated by an Administrative Law Judge ("ALJ") and that the ALJ imposed a penalty higher than the amount assessed by the NOAA's September 14, 2023, Notice of Violation and Assessment of Administrative Penalty (the "Notice of Violation"); the United States otherwise denies the allegations in the second sentence of Paragraph 12 and respectfully refers the Court to the administrative record in this action for a complete and accurate statement of its contents.

13.     To the extent the allegations in Paragraph 13 of the Complaint consist of legal conclusions and characterizations of the administrative proceedings, no response is required. The United States admits that NOAA issued a Notice of Violation to Mr. Urbinati, which he challenged through the agency's administrative process; that the ALJ imposed a penalty of $24,000, which was greater than the amount assessed in the Notice of Violation; and that the NOAA Administrator did not grant review of the ALJ's decision. The United States otherwise denies the allegations in Paragraph 13 and respectfully refers the Court to the administrative record in this action for a complete and accurate statement of its contents.

14.     The allegations in Paragraph 14 of the Complaint consist of Plaintiff's characterization of this action and the relief Plaintiff is seeking, to which no response is required. To the extent a response is deemed required, the United States denies that the Speed Rule is unlawful and its enforcement unconstitutional, and further denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

**THE PARTIES**

15.    The United States admits that, as established in the Enforcement Case, Plaintiff Joseph Urbinati Jr. was in November 2022 the owner of the M/V Michele My Belle, a vessel exceeding sixty-five feet in length.

16.    The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17.    To the extent the allegations in Paragraph 17 of the Complaint consist of Plaintiff's characterization of the claims in this action, no response is required. The United States admits that Howard Lutnick is the Secretary of Commerce.

18.    The United States admits that National Marine Fisheries Service ("NMFS"), a subagency of NOAA, promulgated and enforces the Speed Rule. The United States denies any remaining allegations in Paragraph 18 of the Complaint.

19.    The allegations in Paragraph 19 of the Complaint consist of legal conclusions, to which no response is required.

20.    The allegations in Paragraph 20 of the Complaint consist of legal conclusions, to which no response is required.

21.    The United States denies knowledge or information sufficient to form a belief regarding Plaintiff's residence. The allegations in Paragraph 21 of the Complaint otherwise consist of legal conclusions, to which no response is required.

**STATUTORY AND REGULATORY BACKGROUND**

22.    The allegations in Paragraph 22 of the Complaint consist of Plaintiff's characterization of the Marine Mammal Protection Act ("MMPA"), to which no response is

required. The United States respectfully refers the Court to the cited statutory provision for its complete and accurate contents.

23.     The allegations in Paragraph 23 of the Complaint consist of Plaintiff's characterization of the MMPA, to which no response is required. The United States respectfully refers the Court to the cited statutory provision for its complete and accurate contents.

24.     The allegations in Paragraph 24 of the Complaint consist of Plaintiff's characterization of the MMPA, to which no response is required. The United States respectfully refers the Court to the cited statutory provision for its complete and accurate contents.

25.     The allegations in Paragraph 25 of the Complaint consist of Plaintiff's characterization of the MMPA, to which no response is required. The United States respectfully refers the Court to the cited statutory provision for its complete and accurate contents.

26.     The allegations in Paragraph 26 of the Complaint consist of Plaintiff's characterization of the Endangered Species Act ("ESA"), to which no response is required. The United States respectfully refers the Court to the cited statutory provision for its complete and accurate contents.

27.     The allegations in Paragraph 27 of the Complaint consist of Plaintiff's characterization of the ESA, to which no response is required. The United States respectfully refers the Court to the cited statutory provision for its complete and accurate contents.

28.     The allegations in Paragraph 28 of the Complaint consist of Plaintiff's characterization of the ESA, to which no response is required. The United States respectfully refers the Court to the cited statutory provision for its complete and accurate contents.

29.     The United States admits the allegations in Paragraph 29 of the Complaint.

30.    The United States admits the allegations in Paragraph 30 of the Complaint.

31.    The allegations in Paragraph 31 of the Complaint consist of Plaintiff's characterization of the Speed Rule, to which no response is required. The United States respectfully refers the Court to the Speed Rule for its complete and accurate contents. To the extent a response is deemed required, the United States admits that NOAA promulgated the Speed Rule under authority pursuant to the MMPA and ESA.

32.    The allegations in Paragraph 32 of the Complaint consist of Plaintiff's characterization of the Speed Rule, to which no response is required. The United States respectfully refers the Court to the cited regulatory provision for its complete and accurate contents.

33.    The allegations in Paragraph 33 of the Complaint consist of Plaintiff's characterization of the Speed Rule, to which no response is required. The United States respectfully refers the Court to the cited regulatory provision for its complete and accurate contents.

34.    The allegations in Paragraph 34 of the Complaint consist of Plaintiff's characterization of the Speed Rule, to which no response is required. The United States respectfully refers the Court to the cited regulatory provision for its complete and accurate contents.

35.    The allegations in Paragraph 35 of the Complaint consist of Plaintiff's characterization of the Speed Rule, to which no response is required. The United States respectfully refers the Court to the cited regulatory provision for its complete and accurate contents.

36.     The allegations in Paragraph 36 of the Complaint consist of Plaintiff's characterization of a portion of background for the Speed Rule published in the Federal Register, to which no response is required. The United States respectfully refers the Court to the cited Federal Register page for its complete and accurate contents.

## FACTUAL BACKGROUND

37.     The United States admits that, as established in the administrative record in the Enforcement Case, in November 2022, the M/V Michele My Belle, which was owned by Mr. Urbinati, was being operated by a licensed captain for a trip from New York to Florida. The United States denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint.

38.     The United States admits the allegations in Paragraph 38 of the Complaint, which are established in the administrative record in the Enforcement Case.

39.     The allegations in the first sentence of Paragraph 39 of the Complaint consist of Plaintiff's vague characterization of events, to which no response is required. To the extent a response is deemed required, the United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 39. The United States denies knowledge and information sufficient to form a belief as to the truth of whether the vessel encountered any North Atlantic right whales and denies the remaining allegations in the second sentence of Paragraph 39.

40.     The United States admits the allegations in Paragraph 40 of the Complaint.

41.     The United States denies that Plaintiff received a citation in connection with the Notice of Violation but admits that Plaintiff timely contested the Notice of Violation; the United States admits the remaining allegations in Paragraph 41 of the Complaint.

42.     The United States admits the allegations in the first sentence of Paragraph 42 of the Complaint. The allegations in the second sentence of Paragraph 42 consist of a characterization of the ALJ's decision, to which no response is required. The United States respectfully refers the Court to that decision for a complete and accurate statement of its contents.

43.     The allegations in Paragraph 43 of the Complaint consist of a characterization of the ALJ's decision, to which no response is required. The United States respectfully refers the Court to that decision for a complete and accurate statement of its contents.

44.     The United States admits the allegations in Paragraph 44 of the Complaint.

## COUNT I

45.     The United States repeats and re-incorporates the responses to paragraphs 1 through 44 as though fully set forth herein.

46.     The allegations in Paragraph 46 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 of the Complaint consist of a purported quotation from and cite to a judicial opinion, to which no response is required. The United States respectfully refers the Court to the cited opinion for a complete and accurate statement of its contents.

48.     The allegations in Paragraph 48 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 48.

49.    The allegations in Paragraph 49 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 49.

50.    The allegations in Paragraph 50 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 50.

51.    The allegations in Paragraph 51 of the Complaint consist of legal conclusions and characterization of a judicial opinion, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 51. The United States respectfully refers the Court to the cited opinion for its complete and accurate contents.

52.    The allegations in Paragraph 52 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 52.

53.    The allegations in Paragraph 53 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 53.

54.    The allegations in Paragraph 54 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 54 and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**COUNT II**

55.     The United States repeats and re-incorporates the responses to paragraphs 1 through 54 as though fully set forth herein.

56.     The allegations in Paragraph 56 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 of the Complaint consist of a purported quotation from the United States Constitution, to which no response is required. The United States respectfully refers the Court to Article I, Section 1 of the Constitution for its complete and accurate contents.

58.     The allegations in Paragraph 58 of the Complaint consist of Plaintiff's characterization of and cite to a judicial opinion, to which no response is required. The United States respectfully refers the Court to the cited opinion for a complete and accurate statement of its contents.

59.     The allegations in Paragraph 59 of the Complaint consist of legal conclusions and characterization of a judicial opinion, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 59. The United States respectfully refers the Court to the cited opinion for a complete and accurate statement of its contents.

60.     The allegations in Paragraph 60 of the Complaint consist of legal conclusions and a cite to a judicial opinion, to which no response is required. To the extent a response is deemed

required, the United States denies the allegations in Paragraph 60. The United States respectfully refers the Court to the cited opinion for a complete and accurate statement of its contents.

61.      The United States denies the allegations in Paragraph 61 of the Complaint.

62.      The United States denies the allegations in Paragraph 62 of the Complaint.

63.      The United States denies the allegations in Paragraph 63 of the Complaint

64.      The allegations in Paragraph 64 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 64.

65.      The allegations in Paragraph 65 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 65 and denies that Plaintiff is entitled to the relief request or to any relief whatsoever.

**COUNT III**

66.      The United States repeats and re-incorporates the responses to paragraphs 1 through 65 as though fully set forth herein.

67.      The allegations in Paragraph 67 of the Complaint consist of legal conclusions and a cite to a judicial opinion, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 67. The United States respectfully refers the Court to the cited opinion for a complete and accurate statement of its contents.

68.      The allegations in the first sentence of Paragraph 68 of the Complaint consist of legal conclusions and Plaintiff's characterization of the United States Constitution, to which no response is required. The United States respectfully refers the Court to the Constitution for a

complete and accurate statement of its contents. The United States denies the remaining allegations in Paragraph 68 of the Complaint.

69.     The allegations in Paragraph 69 of the Complaint consist of Plaintiff's characterization of this case and legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 69.

70.     The United States admits that the administrative proceeding Plaintiff challenges in this action was before an ALJ who is an employee of the Executive Branch and that the ALJ entered a decision. The United States denies the remaining allegations in Paragraph 70 of the Complaint.

71.     The allegations in Paragraph 71 of the Complaint consist of Plaintiff's legal conclusions and characterization of administrative proceedings, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 of the Complaint consist of Plaintiff's legal conclusions and characterization of administrative proceedings, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 of the Complaint consist of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 of the Complaint consist of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, the United States denies the allegations in Paragraph 74.

75.     The United States denies the allegations in Paragraph 75 of the Complaint and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**REQUEST FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, the United States denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. Further, the United States reserves the right to amend its answer.

**DEFENSES**

1.     Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted.

2.     The Speed Rule is not in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

3.     The Speed Rule is not contrary to constitutional right, power, privilege, or immunity.

4.     Any allegations or claims beyond those presented to the ALJ in the Enforcement Case are barred, in whole or in part, for failure to exhaust administrative remedies and/or waiver.

5.     To the extent Plaintiff is entitled to attorneys' fees (which the United States denies), its recovery is limited by statute, including but not limited to 28 U.S.C. § 2412.

\*      \*      \*

The United States may have additional defenses which are not known at this time, but which may become known. Accordingly, the United States reserves the right to assert each and every affirmative or other defense that may be available.

WHEREFORE, having fully answered, Defendants pray for judgment in Defendants' favor and for such other relief as the Court may find proper.

Dated:  June 30, 2026
New York, New York

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for the United States*

By: */s/ Mollie Kornreich*
MOLLIE KORNREICH
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274
Email: mollie.kornreich@usdoj.gov